JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00769JVS(KESx)    Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

Lisa Bredahl                              Not Present

Deputy Clerk                              Court Reporter

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                              Not Present

Proceedings:    **[IN CHAMBERS]** Order Regarding Motion to Dismiss, Motion to Stay, Motion to Consolidate, and Motions to Intervene

Before the Court are the following five motions.

Samuel R. Seiden ("Seiden") moves to dismiss the complaint against him on the basis that the Court does not have personal jurisdiction over him.  MTD, ECF No. 19.  Plaintiffs Amy Jine ("Jine") and Ana Biocini ("Biocini") ("Plaintiffs") oppose the motion.  Opp'n, ECF No. 32.  Seiden replied.  Reply, ECF No. 35.

OTA Franchise Corporation, Newport Exchange Holdings, Inc., NEH Services, Inc. (collectively the "Corporate Defendants"), Eyal Shahar ("Shahar"), and Seiden (collectively the "Individual Defendants")[1] (together "Defendants") collectively move to compel arbitration and stay this action pending arbitration.  MCA, ECF No. 18.  Plaintiffs oppose the motion.  Opp'n, ECF No. 31.  Defendants replied.  Reply, ECF No. 39.

Ehab Khalil ("Khalil") seeks leave to intervene in this action for the limited purpose of joining Plaintiffs' Opposition to the Motion for Stay of Proceedings Pending Arbitration and to Compel Arbitration.  MTI, ECF No. 26.  Fernando Avila ("Avila") and

---

[1]While Seiden did not join in this motion, he asked in his motion to dismiss that if the Court finds it has jurisdiction over him, that it compel Plaintiffs to arbitrate their claims.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| --- | --- | --- | --- |
|  | SACV 20-00960JVS(KESx) | | |
|  | SACV 20-01152JVS(KESx) | | |

| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| --- | --- |
|  | Fernando Avila, et al v OTA Franchise Corporation et al |
|  | Ehab Khalil v OTA Franchise Corporation et al |

Larry Gelman ("Gelman")[2] also move to intervene for the same purpose. MTI 2, ECF No. 27. Defendants filed a consolidated opposition. Opp'n, ECF No. 34. Khalil replied. Reply, ECF No. 36. Avila and Gelman also replied. ECF No. 37.

Plaintiffs also move to consolidate related actions with this action. MTC, ECF No. 23. Defendants oppose the motion. Opp'n, ECF No. 33. Plaintiffs replied. Reply, ECF No. 38.

For the following reasons, the Court **DENIES** the motion to dismiss, **DENIES** both motions to intervene, **GRANTS** the motion to compel arbitration, and **GRANTS** the motion to consolidate.

## I. BACKGROUND

Plaintiffs filed a complaint against Defendants alleging claims for: (1) fraud; (2) intentional misrepresentation; (3) concealment; (4) breach of express warranty; (5) unjust enrichment; (6) violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (7) untrue and misleading advertising in violation of Cal. Bus. & Prof. Code §§ 17500, et seq.; and (8) violations of Cal. Bus. & Prof. Code §§ 17200, et seq. See generally, Compl., ECF No. 1. Plaintiffs bring their claims on behalf of themselves and a similarly situated class. Id. ¶¶ 112-120.

The Complaint alleges the following. The Corporate Defendants do business together as the Online Trading Academy ("OTA"). Id. ¶ 1. The Individual Defendants are executives for OTA and together with the Corporate Defendants "created, implemented, and/or participated in the acts and practices set forth" in the Complaint. Id. The Individual Defendants are the alter egos of the Corporate Defendants. Id. ¶¶ 21, 23-28. Since 2012 Defendants have participated in a fraudulent investment education

---

[2] Khalil, Avila, and Gelman shall be referred to collectively throughout this order as the "Intervenor Plaintiffs."

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

scheme.  Id. ¶ 1.  OTA targets elderly individuals representing to them that they will grow their wealth substantially by purchasing their investment training and allegedly patented strategy.  Id.  OTA claims to offer consumers a low-investment, high-profit, online trading strategy but have no reasonable basis to support their representations regarding their strategy since they do not track their student's trading performance.  Id.  In fact, the majority of OTA's students lose their own money and savings, do not make the advertised income, and are subject to high interest loans after having been induced to pay for OTA training which such loans.  Id.  OTA knowingly made unsubstantiated claims and misrepresentations such as claiming that students could make $800 a day spending less than an hour on trading, and that its instructors and counselors are themselves successful traders.  Id. ¶¶ 49-67.

OTA offers three learning programs: Core Strategy, Extended Learning Track (XLT) and Mastermind Community.  Id. ¶ 34.  Although OTA has franchises, it exercises significant control over its franchises including providing training and materials to guide sales pitches.  Id. ¶ 35.  OTA retains control over advertising, the theme of which is that consumers "will generate substantial income through online trading in the financial markets with OTA training."  Id. ¶¶ 38-40.  The goal of the marketing campaigns is to draw consumers to enroll in three-hour preview events called "Market Timing Preview" or "Power Trading Workshop."  Id. ¶¶ 41-42.  These events in turn are designed to entice students to enroll in a three day Market Timing Orientation ("MTO") event.  Id. ¶¶ 42-45.  The goal of the three day event is to drive sales of other more costly programs.  Id. ¶¶ 46-47.

Jine enrolled in OTA's Market Timing Orientation on September 14, 2019, paying OTA $299.  Id. ¶ 5.  Biocini enrolled for OTA's MTO on April 22, 2017 and paid OTA $299.  Id. ¶ 6.  At the conclusion of the orientation and based on OTA's additional fraudulent representations and omissions she enrolled in OTA's "Core Strategy Program" for $14,500.  Id.

OTA utilized a standardized enrollment agreement for students.  Id. ¶ 82.  The

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

agreements were provided on a take-it-or-leave-it basis with no opportunity for consumers to negotiate.  Id.  The agreement contained disclaimers that were in contrast to the representations made by Defendants in their advertising and sales events such as that OTA's counselors and instructors are not investment advisors and would not provide students with investment or trading choices.  Id. ¶¶ 83-84.  The agreement contained an arbitration clause and class action waiver provision that Plaintiffs allege is invalid and unenforceable.  Id. ¶¶ 86-97.

On April 22, 2017, Biocini entered a written agreement with OTA providing for her enrollment in OTA's "Income Solution" package (the "Original Biocini Enrollment Agreement").  Gene Longobardi Decl. ("Longobardi Decl."), Ex. 1. On the same day Biocini then decided to drop certain classes, and executed a new agreement reflecting the modification to her enrollment (the "Revised Biocini Enrollment Agreement").  Longobardi Decl. Ex. 2.  On September 15, 2019, Jine signed an Enrollment Agreement with OTA (the "Jine Enrollment Agreement"). Longobardi Decl. Ex. 3.

Seiden is sued both as an officer of the Corporate Defendants and in his individual capacity.  Compl, ¶¶ 13, 15.  Seiden joined OTA in 2006 as its Chief Trading Strategist, but has served in numerous executive roles at OTA.  Id.  Seiden is the creator of OTA's trading strategy and is its most "visible proponent."  Id. ¶ 14.  "Seiden is involved, independent of the Corporate Defendants, in hyping up, raising money for OTA, and driving consumers to OTA through making appearances on TV and radio and contributing to investment publications."  Id. ¶ 15.

On February 12, 2020 the Federal Trade Commission ("FTC") filed an action against Defendants for violating Section 5(a) of the FTC Act ("FTC Action").  See FTC v. OTA Franchise Corp., et al., No. 8:20-cv-00287 (Feb. 24, 2020), ECF No. 1.  On April 2, 2020, the Court granted a preliminary injunction against OTA prohibiting the defendants from making false, misleading, or unfounded representations to consumers concerning OTA training including earnings claims. FTC Action, ECF No. 130 at 7-8.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |
|---|---|---|---|

| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |
|---|---|

The FTC Action remains pending before this Court.

## II. LEGAL STANDARD

### A.    Motion to Dismiss

Before trial, nonresident defendants may move to dismiss the case for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980); Pennoyer v. Neff, 95 U.S. 714, 720 (1877), overruled in part by Shaffer v. Heitner, 433 U.S. 186, 206 (1977). The contours of that power are shaped, in large part, by the Due Process Clause of the Fourteenth Amendment, which requires sufficient "contacts, ties, or relations" between the defendant and the forum state before "mak[ing] binding a judgment *in personam* against an individual or corporate defendant." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). Due Process requires that "there exist 'minimum contacts' between the defendant and the forum" in order to protect the defendant "against the burdens of litigating in a distant or inconvenient" court and lend "a degree of predictability to the legal system." World-Wide Volkswagen, 444 U.S. at 291–92, 297.

Jurisdiction must also comport with law of the forum state. See Fed. R. Civ. P. 4(k)(1)(A); Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Because California's long-arm statute allows the exercise of jurisdiction on any basis consistent with the state and federal constitutions, the jurisdictional analyses of state law and federal due process are the same. Cal. Code. Civ. Proc. § 410.10; see also Yahoo!, 433 F.3d at 1205.

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff's allegations of jurisdictional facts must also be supported by competent proof. Hertz

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00769JVS(KESx)          Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

Corp. v. Friend, 559 U.S. 77, 96–97 (2010).  In the absence of an evidentiary hearing, "[h]owever, this demonstration requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) (quoting Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001)).  To make the requisite showing, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks and citation omitted).  In evaluating the plaintiff's showing, all uncontroverted allegations in the complaint are taken as true and all disputed facts are resolved in plaintiff's favor.  Id.; Schwarzenegger, 374 F.3d at 800.

A defendant may waive personal jurisdiction requirements prior to the initiation of suit.  M/S Bremen v. Zapata Off-shore Co., 407 U.S. 1, 11 (1972). Valid forum selection clauses, when freely negotiated and not unreasonable or unjust, constitute a waiver of personal jurisdiction requirements. Id. at 12–13.  In diversity jurisdiction cases, federal law controls the interpretation and analysis of forum selection clauses because forum selection is a venue matter.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988).

Personal jurisdiction may be premised on general personal jurisdiction (based on a defendant's continuous presence in a state) or specific personal jurisdiction (based on specific contacts with the state specifically related to the claims at issue).

     1.    General Personal Jurisdiction

For general jurisdiction to exist over a nonresident defendant, it must have affiliations with the forum state "so continuous and systematic as to render the foreign [defendant] essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted).  In other words, a defendant's "continuous and systematic general business contacts" with the forum must "approximate

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

Title    Amy Jine et al v. OTA Franchise Corporation et al
        Fernando Avila, et al v OTA Franchise Corporation et al
        Ehab Khalil v OTA Franchise Corporation et al

physical presence" in the forum state. <u>Schwarzenegger</u>, 374 F.3d at 801 (quoting <u>Helicopteros</u> <u>Nacionales</u> <u>de</u> <u>Colombia, S.A.</u> <u>v.</u> <u>Hall</u>, 466 U.S. 408, 416 (1984) and <u>Bancroft</u> <u>&</u> <u>Masters,</u> <u>Inc.</u> <u>v.</u> <u>Augusta</u> <u>Nat'l,</u> <u>Inc.</u>, 223 F.3d 1082, 1086 (9th Cir. 2000)). Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction. <u>Daimler</u>, 571 U.S. at 127.

> 2.    <u>Specific</u> <u>Personal</u> <u>Jurisdiction</u>

A defendant is subject to specific personal jurisdiction only if a controversy arises out of or is sufficiently related to the defendant's contacts with the forum state. <u>Goodyear</u>, 564 U.S. at 919; <u>see</u> <u>also</u> <u>Omeluk</u> <u>v.</u> <u>Langsten</u> <u>Slip</u> <u>&</u> <u>Batbyggeri</u> <u>A/S</u>, 52 F.3d 267, 270 (9th Cir. 1995).  The Ninth Circuit has established a three-part test to determine whether courts may exercise specific jurisdiction over a nonresident defendant:

> (1)    The nonresident defendant purposefully directs his activities or consummates some transaction with the forum or the forum's resident; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; and

> (2)    The claim arises out of or results from the nonresident defendant's forum-related activities; and

> (3)    The exercise of jurisdiction comports with fair play and substantial justice (<u>i.e.</u>, jurisdiction is reasonable).

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

Schwarzenegger, 374 F.3d at 802 (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden on the first two prongs. Id. If the plaintiff fails to satisfy either prong, "jurisdiction in the forum would deprive the defendant of due process of law." Omeluk, 52 F.3d at 270. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

### B.    Motions to Intervene

Under Rule 24, there are two types of intervention: (1) intervention of right and (2) permissive intervention.

#### 1.    Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) requires a court, upon timely motion, to permit intervention of right by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." When analyzing a motion to intervene of right under Rule 24(a)(2), the Ninth Circuit applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00769JVS(KESx)              Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993)).

2.    Permissive Intervention

Under Rule 24(b)(1)(B), a court may permit intervention if the prospective intervener "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In the Ninth Circuit, a court has discretion to permit intervention when a movant presents: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (internal quotations and citations omitted). Regardless of these three requirements, a court will not permit intervention if intervention will "unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. Pro. 24(b). "The decision to grant or deny this type of intervention is discretionary, subject to considerations of equity and judicial economy." Garza v. Cty. of L.A., 918 F.2d 763, 777 (9th Cir. 1990).

## C.    Motion to Compel Arbitration

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA eliminates district court discretion and requires a court to compel arbitration of issues covered by the arbitration agreement. Dean Witter Reynolds, Inc., v. Byrd, 470 U.S. 213, 218 (1985). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the disputes at issue. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

Applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001) (internal citation omitted).  However, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles.  This rule applies even where the agreement's express terms delegate that determination to the arbitrator."  Jackson v. Rent-A-Center West, Inc., 581 F.3d 912, 918-19 (9th Cir. 2009), rev'd on other grounds by Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772 (2010).

A court may consider evidence beyond the complaint in ruling on a motion to compel.  See Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1266–69 (C.D. Cal. 2008) (examining declarations and exhibits in ruling on a motion to compel arbitration under the FAA).  The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence standard.  Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014).  If the moving party carries this burden, the opposing party must prove any contrary facts by the same burden.  Castillo v. CleanNet USA, Inc., 2018 WL 6619986, at *10 (N.D. Cal. Dec. 18, 2018) (citing Bruni v. Didion, 160 Cal. App. 4th 1272, 1282 (Cal. App. 2008) ("The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.")).  "In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination."  Bruni, 160 Cal. App. 4th at 1282.

### D.    Motion to Consolidate

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00769JVS(KESx)                    Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court "has broad discretion under this rule to consolidate cases." Investors Research Co. v. United States Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989).

### III. DISCUSSION

#### A.    Motion to Dismiss

Seiden moves to dismiss the claims against him on the grounds that the Court lacks personal jurisdiction over him. MTD, 2. Seiden submitted a declaration indicating that he has resided in Illinois his entire life, is not domiciled in California, does not own, lease or maintain an office or personal or real estate property in California. Seiden Decl., ¶¶ 2-6. Seiden also indicates that he does not have any agents, representatives or employees located in California. Id.

##### 1.    General Jurisdiction

Here, Seiden is domiciled in Illinois, but employed by Irvine-based, OTA. Seiden Decl., ¶¶ 2, 11; Compl., ¶¶ 1, 7-9. Plaintiffs argue that the Court has general jurisdiction over Seiden and provide copies of an article published on a website that lists Seiden's address as Irvine, California, and a copy of a LexisNexis background report that lists Seiden as consistently having addresses in Illinois, but having one address listed for him in Orange County from February to May 2014. Castillo Decl., Ex. 1-3. Seiden argues that this evidence is inadmissible hearsay, that in any event residence is not domicile, that Plaintiffs alleged claims do not arise from 2014, and Seiden provides a declaration establishing that he has never resided in Santa Ana or Irvine California. Reply, 1-2; Supp. Seiden Decl., ¶ 2.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

The Court agrees that this evidence is inadmissible hearsay and **SUSTAINS** Seiden's objections (ECF No. 35-2). Seiden admits that he has visited California "on average maybe once a quarter or less" over the last ten years and that his travel to California has primarily been for meetings and occasional events. Seiden Decl., ¶¶ 10-11. However, occasional travel for employment and to attend conferences are not substantial, continuous, and systematic contacts to the extent that would deem Seiden "present" in California for all purposes. See Yahoo!, 433 F.3d at 1205. Therefore, the Court finds that it does not have general jurisdiction over Seiden.

        2.    <u>Specific</u> <u>Jurisdiction</u>

The Court next considers the Ninth Circuit's three-part test to determine whether it may exercise specific jurisdiction over Seiden.

        (A)    *<u>Purposeful</u> <u>Availment</u>*

The "purposeful availment" prong of the Ninth Circuit's three part test assures that a nonresident defendant will be aware that it could be sued in the forum state. <u>World-Wide</u> <u>Volkswagen</u>, 444 U.S. at 297. This requirement is met if Defendants engaged in "significant activities" within California or have created "continuing obligations" between itself and the forum. <u>Gray & Co.</u> <u>v.</u> <u>Firestenberg</u> <u>Mach.</u> <u>Co.</u>, 913 F.2d 758, 760 (9th Cir.1990). The availment must be purposeful, and will not be found where the defendant's contacts with the forum occurred solely by the actions of the plaintiff or of a third party. See <u>Burger</u> <u>King</u>, 471 U.S. at 475. This requirement may be satisfied by a demonstration of purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof. <u>Yahoo!</u>, 433 F.3d at 1206.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

Nevertheless, the Ninth Circuit has treated "purposeful availment" differently in tort and contract cases. In tort cases, the Court typically inquires whether a defendant "purposefully direct[s] his activities" at the forum state, applying an "effects" test that focuses on the forum in which the defendant's actions were felt, regardless of whether or not the actions themselves occurred within the forum. Yahoo!, 433 F.3d at 1206 (citing Schwarzenegger, 374 F.3d at 803). Defendants must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) which causes harm that the Defendants know is likely to be suffered in the forum state. Id. In contrast, in contract cases, the Court inquires whether a defendant "purposefully avails itself of the privilege of conducting activities" or "consummate[s][a] transaction" in the forum, focusing on activities such as delivering goods or executing a contract. Yahoo!, 433 F.3d at 1206. Since Plaintiffs allege both contract and tort claims, the court analyzes the "purposeful availment" prong for both.

Seiden argues that the complaint does not allege that he took any actions in California. MTD, 4-5. Seiden goes further to allege that the complaint does not allege a claim against him by Plaintiffs because the claims arise from allegations that
Plaintiffs were deceived into purchasing products from OTA while not alleging that Seiden spoke to, communicated with, specifically solicited, or ever met either of the Plaintiffs. Id. However, the complaint alleges that Seiden created OTA's trading strategy, applied to patent it, and advertised it, while holding himself out to be "an impeccable master" of the trading strategy. Compl., ¶ 14. Seiden is also alleged to have curated OTA's presentations and sales master document for OTA's sales representatives to pitch. Id. Seiden is also alleged to independently have raised money for OTA and driven consumers to OTA by making national television and radio appearances and contributing to investment publications. Id. at ¶¶ 15-16, 26, 28, 60.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | | |
| | SACV 20-01152JVS(KESx) | | | |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

Similar to <u>Monster</u> <u>Energy</u> <u>Co.</u> <u>v.</u> <u>Vital</u> <u>Pharm., Inc.</u>, No.
EDCV181882JGBSHKX, 2019 WL 2619666, at *6 (C.D. Cal. May 20, 2019),
Plaintiffs have made a sufficient showing supporting the allegations in the
complaint that Seiden purposefully availed himself of doing business in California
by targeting consumers in California through advertisement, and making false and
misleading statements to a national audience.  For example, Plaintiffs provide
copies of an infomercial transcript where Seiden uses his personal story to induce
consumers to purchase OTA courses.  Ex. 13, Attachment ZE, FTC Action, ECF
No. 12-7 at 108-09, 113-14, 120.  Plaintiffs also provide a declaration from a
California resident stating she received a document from Seiden titled "Lessons
from the Pros" after enrolling in a course.  Kathleen Quintas Decl., Ex. 5, FTC
Action, ECF No. 12-3 at 31 ¶ 1, 33 ¶ 12, 35 ¶ 26, 67-69.  Plaintiffs also note that
the OTA website also shows that Seiden participated in various events in
California in connection with his employment during the Class Period.  <u>See</u> Opp'n,
10-11[3]  Although Seiden was a corporate officer, like the corporate officer
defendant in <u>Monster</u>, he directed his contacts at California consumers including
through promotional events that took place in California and marketing campaigns.
<u>See</u> <u>Monster</u>, 2019 WL 2619666, at *6.  Also like the defendant in <u>Monster</u>,
Plaintiffs' allegations are not based solely on Seiden's work as a corporate officer
but on his "personal participation in the alleged conduct."  <u>Id.</u> at *7.

Seiden intentionally directed his acts at California and he should have
known that his acts were likely to be suffered in the state by student consumers
such as Plaintiffs.  Seiden also availed himself of conducting activities or
consummating transactions in the forum by traveling to California for work during

---

[3] Referring to the following website pages:
https://www.tradingacademy.com/culture/article/both-the-cme-and-ota-launch-new-products-in-2019;
https://www.tradingacademy.com/event-registration.aspx?dx=137110&btn=FSC_29_CAL;
https://www.tradingacademy.com/event-registration.aspx?dx=139621&btn=FSC_1_CAL.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

his tenure OTA and using such travel to perpetuate the misrepresentations alleged by Plaintiffs.

> (B)    *Arising Out Of Or Resulting from Forum Related Activities*

To satisfy the second part of the specific jurisdiction analysis, Plaintiffs must show Seiden's activities arise out of or relate to their forum-related activities. Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). This requirement is met if "but for" the contacts between the Defendants and the forum state, the cause of action would not have arisen. Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001).

This prong is met by Plaintiffs: Plaintiffs' alleged injuries would not have occurred "but for" Seiden's actions expressly aiming his marketing and targeting at California consumers and even traveling to California to participate in events designed to convince consumers to enroll in OTA courses by holding himself out falsely as a skilled investor. See Compl. ¶¶ 14, 60. Additionally, taking the allegations as true, Seiden created a sales pitch document for OTA sales representatives to use nationwide to entice consumers. Id. ¶¶ 14, 59. But for such advertisements and misrepresentations Plaintiffs' injuries would not have occurred.

> (C)    *Jurisdiction is Reasonable*

Finally, the Court turns to the reasonableness inquiry. Once a plaintiff has met their burden on the first two prongs, defendants "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" in order to defeat personal jurisdiction." Harris Rutsky & Co., 328 F.3d at 1132. The Court considers seven factors in weighing reasonableness:

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) <br> SACV 20-00960JVS(KESx) <br> SACV 20-01152JVS(KESx) | Date | 9/11/20 |
| Title | Amy Jine et al v. OTA Franchise Corporation et al <br> Fernando Avila, et al v OTA Franchise Corporation et al <br> Ehab Khalil v OTA Franchise Corporation et al | | |

(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Id. No one factor is dispositive in itself. Id. Instead, the Court must balance all seven factors. Id.

Seiden has not met his burden of presenting a compelling case that this Court's exercise in jurisdiction would be unreasonable. Seiden has continuously traveled to California in the past, including to allegedly perpetuate misleading representations concerning his status as a successful investor and utilizer of the trading methodology in order to induce consumers to enroll in OTA's courses. Further, Seiden is already defending himself in this forum in the FTC Action which is pending before this Court. Additionally, California has a strong interest in protecting against the purported fraud and Plaintiffs have also alleged a violation of the California Business and Professions Code, making California the preferred forum. Because OTA is headquartered in Irvine and therefore many of the witnesses are located in Southern California, this forum would also be the most convenient for this action. Considered as a whole, these factors suggest that this Court's exercise in jurisdiction comports with fair play and substantial justice.

Because the controversy arises out of and is sufficiently related to Seiden's contacts with the forum state, the Court exercises specific jurisdiction over Seiden. Accordingly, the Court **DENIES** the Motion to Dismiss. Seiden alternatively asks the Court to compel Plaintiffs to arbitrate their claims. This request is addressed in Section C below.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

### B.    Motions to Intervene

Khalil, Avila, and Gelman (collectively, "Intervenor Plaintiffs") move to intervene in this action solely for the purpose of joining Plaintiffs' opposition to Defendants' motion for stay of proceedings pending arbitration and to compel arbitration.  See generally, MTI 1, MTI 2.  Avila and Gelman contend that they have filed a proposed class action against the same defendants and allege the same misconduct in Avila et al. v. OTA Franchise Corporation et al., Case No. 8:20-cv-00960-JVS-KES (C.D. Cal. June 29, 2020) (the "Avila Action").  Khalil contends that he is the plaintiff in a proposed class action alleging the same misconduct and nearly identical claims against the same defendants in this action – Khalil v. OTA Franchise Corp., et al., Case No. 8:20-cv-01152-JVS-KES (C.D. Cal. June 29, 2020) (the "Khalil Action").  The Intervenor Plaintiffs argue that as potential class members and because of the nearly identical underlying facts they propose that it would be most efficient to hear one set of motions concerning the enforceability for the arbitration provision, and concerning Seiden's contacts with the state.  MTI 1 at 3-4; MTI 2 at 3-4.

Defendants argue that the Intervenor Plaintiffs did not comply with Local Rule 7-3 because Avila and Gelman did not wait seven days to file the motion and Khalil filed the motion on the same day that they had their meet and confer. Opp'n, 2-3.  However, given that the Intervenor Plaintiffs were required under Local Rule 6-1 to move for intervention by July 27, 2020, and that Avila and Gelman also wrote a July 20 letter laying out their substantive arguments and requested relief, the Court will not penalize the Intervenor Plaintiffs and will consider their motions.  Nonetheless, the Court warns the Intervenor Plaintiffs that it will strictly construe and enforce Rule 7-3 going forward.

Defendants also argue that the Intervenor Plaintiffs' motions are not seeking the type of intervention contemplated by Rule 24 because they have not complied with Rule 24(c) since the "pleadings" referred to in Rule 24(c) refers to a

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al |
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third party complaint, and a reply to an answer.  Opp'n, 3.  However, Seiden notes that the Intervenor Plaintiffs do not wish to file pleadings in this matter, but instead are requesting to join only in the opposition in the Motion to Compel Arbitration.  Id. at 3-4.  Defendants argue that even if some authority permitted a non-party to join in an opposition, it would serve no purpose because Defendants do not seek relief against the Intervenor Plaintiffs in this action.  Id. at 4.

The Court acknowledges that "failure to comply with the Rule 24(c) requirement for a pleading is a 'purely technical' defect which does not result in the "disregard of any substantial right.'"  Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1188 (9th Cir. 2009).  However, the cases cited by the Intervenor Plaintiffs do not support the proposition that a non-party can intervene in an action solely to join an opposition to a motion to compel arbitration.  This is especially so where Defendants have not even filed a motion to compel arbitration in the Intervenor Plaintiffs' actions.  The Court is not aware of any rule that allows a non-party to intervene in this fashion.

Accordingly, the Intervenor Plaintiffs' respective motions to intervene are **DENIED**.

## C.    Motion to Compel Arbitration

Under the FAA, arbitration must be compelled where (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the claims at issue.  See Chiron Corp., 207 F.3d at 1130.  Defendants argue that a valid arbitration agreement exists here and that the agreement encompasses the claims at issue.  See generally, MTA.  The arbitration provisions for the Original Biocini Enrollment Agreement, the Revised Biocini Enrollment Agreement, and the Jine Enrollment Agreement are virtually identical.  In part they read:

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00769JVS(KESx)                    Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

If there is any dispute, claim question or disagreement arising from this Agreement and your use of all or any part of the Community we both agree to use our best efforts to settle the dispute, claim question or disagreement by consulting and negotiating in good faith and, recognizing each other's interests, attempt to reach a just and equitable solution satisfactory to both parties. The consultation and negotiation may be face to face, by telephone or by a form of video conference such as skype. If we do not reach a negotiated solution within 60 days then any dispute or claim relating in any way to your use of all or any part of the Community will be resolved by binding arbitration, rather than in court, except that you may assert claims in small claims court if your claims qualify.

. . .

If we do not reach a negotiated solution within 60 days then upon notice by either of us to the other all dispute, claim question or differences shall be finally settled by arbitration administered by the America[n] Arbitration Association in [a]ccordance with its Consumer Arbitration Rules.

I understand that I am giving up the right to litigate (or participate in as a party or class member) all disputes in court before a judge or jury.  Instead, all disputes will be resolved before a neutral arbitrator, whose decision will be final except for a limited right of appeal under the Federal Arbitration Act.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00769JVS(KESx)                    Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

. . .

> You agree that the Federal Arbitration Act, applicable
> federal law, and the laws of the state of California,
> without regard to principles of conflict of laws, will
> govern this Agreement and your use of any part of the
> Community and any dispute of any sort that might arise
> between you and [OTA] or its affiliates.

Longobardi Decl. Ex. 1-3.

### 1.    The Arbitration Provisions Encompass Plaintiffs' Claims

Plaintiffs argue that the arbitration provisions should be construed narrowly
and do not encompass their claims pointing to the following language: "[i] we do
not reach a negotiated solution within 60 days then any dispute or claim relating in
any way to your use of all or any part of the Community will be resolved by
binding arbitration, rather than in court, except that you may assert claims in small
claims court if your claims qualify."  Opp'n, 7.  Plaintiffs argue that this language
limits the arbitration provision to only claims regarding access to OTA or use of
the "Community."  Id.  In contrast, Plaintiffs contend that their claims arise out of
statements made by Defendants in marketing and sales events leading up to
enrollment and not use of the "Community"[4] which would have occurred after
enrollment.  Id. at 8 ("In other words, the dispute at issue is whether Defendants
engaged in fraudulent and deceptive marketing and sales practices by falsely
representing to students that they are likely to earn substantial income with OTA
courses.").  Plaintiffs argue that the context of the agreements make clear that the

---

[4]The enrollment agreements define Community as "access to the Online Trading Academy
Student Lobby and all products and services and course(s) of instruction I have paid for."  Longobardi
Decl. Ex. 1-3 at p. 3.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | | |
| | SACV 20-01152JVS(KESx) | | | |

Title   Amy Jine et al v. OTA Franchise Corporation et al
Fernando Avila, et al v OTA Franchise Corporation et al
Ehab Khalil v OTA Franchise Corporation et al

purpose of the agreements is to provide students with access to "specific levels of OTA-provided online course content and on-location labs provided, which is what students receive in exchange for the thousands of dollars in tuition." Id.

Defendants reply that the Court should construe any ambiguity in favor of arbitration. Reply, 1. However, when determining if a particular party is bound by an arbitration agreement, the "liberal federal policy regarding the scope of arbitrable issues is inapposite." Comer v. Micor, Inc., 436 F.3d 1098, 1104, n. 11 (9th Cir. 2006). Instead, to determine whether a valid arbitration clause exists, "federal courts apply ordinary state—law principles that govern the formation of contracts." Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation and quotations omitted). Nonetheless, the arbitration clauses at issue here are relatively broad utilizing the terminology "any dispute, claim question or disagreement arising from this Agreement and your use of all or any part of the Community" and "relating in any way to your use of all or any part of the Community." Longobardi Decl. Ex. 1-3. Because Plaintiffs claims, as they admit, pertain to allegations that Defendants made misrepresentations concerning the benefits that they would receive if they signed up for the OTA courses and Community (i.e., that they would make certain income, and that others who had utilized the product had made certain income amounts, Defendants' own success utilizing the trading strategies), the claims clearly relate to the use of the Community and the enrollment agreement. Furthermore, although not argued by the parties, the Court notes that the agreements contain a section titled "Representations" which states "I acknowledge that [OTA] has made no representations or warranties other than those expressed herein; and [OTA] disclaims any other representations or warranties." Longobardi Decl. Ex. 1-3. This provision would appear to relate to the heart of the allegations in the Complaint – that OTA misrepresented its products and results.

In their request for hearing Plaintiffs rely on Tracer Research Corp. v. Nat'l Envtl. Servs. Co., 42 F.3d 1292, 1295 (9th Cir. 1994), and Mediterranean

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) SACV 20-00960JVS(KESx) SACV 20-01152JVS(KESx) | | Date | 9/11/20 |

Title      Amy Jine et al v. OTA Franchise Corporation et al
Fernando Avila, et al v OTA Franchise Corporation et al
Ehab Khalil v OTA Franchise Corporation et al

Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1464 (9th Cir. 1983) to argue that the arbitration agreement uses a disjunctive phrase and that language including the phrase "arising under" or "arising out of" should be narrowly construed to include only those claims that seek to interpret contract language such as a breach of contract claim. Req. Hrg., 2-3, ECF No. 41.[5] Plaintiffs reliance on Tracer and Mediterranean is unavailing however. In Tracer, the Court noted that the terms "arising out of" and "arising under" are limited in scope and cover only those disputes relating to the interpretation and performance of the contract itself. Id. However, the Court also highlighted that like in Mediterranean, the arbitration clause in Tracer omitted reference to claims "relating to" an agreement. Id. The Court ultimately found that the plaintiff's claim of misappropriation of trade secrets was a tort claim and did not require interpretation of the contract because "continuing use of Tracer's trade secrets would constitute an independent wrong from any breach of the licensing and nondisclosure agreements." Tracer, 42 F.3d at 1295. The arbitration provision here is broader than those in Tracer and Mediterranean because it includes "any dispute, claim question or disagreement arising from this Agreement and your use of all or any part of the Community" and "relating in any way to your use of all or any part of the Community." Longobardi Decl. Ex. 1-3. Having considered the request for hearing and the response (ECF No. 44), the request for hearing is **DENIED**.

For the foregoing reasons, the Court finds that Plaintiffs claims are encompassed by the arbitration provisions.

### 2. An Arbitration Agreement Between the Parties Existed

Plaintiffs next argue that no valid arbitration agreement exists between the parties because neither Jine nor Biocini initialed the "Review Clause" on the

---

[5] The Court notes that the Request for Hearing exceeds the five page limit explicitly stated by the Court in its tentative order. Further disregard of this Court's procedures and rules will not be tolerated.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

enrollment agreements attesting that they read the statements of terms and accepted all terms and conditions.[6]  Opp'n, 12.  This argument is unconvincing however because Plaintiffs both signed the first page of their respective enrollment agreements.  <u>See</u> Longobardi Decl. Ex. 1-3.  The enrollment agreement contains one page selecting which programs the students were signing up for, their addresses, the cost of tuition, and the following three pages contained the statement of terms.  <u>Id.</u>  Jine signed on the signature line for the statement of terms on the fourth page of the agreement and Biocini also signed the statement of terms on the initial agreement indicating an intent to be bound by the terms of the agreements.  Plaintiffs' also submit declarations indicating that the OTA education counselors filled out the enrollment agreements for the Plaintiffs and only quickly glossed over the terms in the case of Jine and did not provide updated terms for Biocini's updated agreement.  <u>See</u> Jine Decl., ECF No. 31-1; Biocini Decl., ECF No. 31-4.  This evidence alone is unconvincing given that the agreements were otherwise signed.  Accordingly, the Court finds that an agreement to arbitrate existed between the parties.

      3.     The <u>Arbitration</u> <u>Provisions</u> <u>Were</u> <u>Unconscionable</u>

      Plaintiffs next argue that the arbitration provisions are procedurally and substantively unconscionable.  Opp'n, 13.  An agreement must be both procedurally and substantively unconscionable for a court to refuse to enforce a clause or contract under this doctrine.  <u>Armendariz</u> v. <u>Found.</u> <u>Health</u> <u>Psychcare</u> <u>Servs., Inc.</u>, 24 Cal. 4th 83, 114 (2000).  Procedural unconscionability focuses on "'oppression' or 'surprise' due to unequal bargaining power" and substantive unconscionability focuses on "'overly harsh' or 'one-sided' results."  <u>Id.</u>

---

    [6]Although Biocini initialed the review clause in her initial enrollment agreement, she did not in the updated enrollment agreement.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

Plaintiffs argue that the arbitration provisions are procedurally unconscionable because they were contained in a standard-form contract agreement between parties of unequal bargaining power. Id. at 14. They contend that the agreements are oppressive and that students have no meaningful opportunity to review the contract. Id. at 15. Plaintiffs also argue unconvincingly that the arbitration agreement was "surprising" because it was not provided in the first page of the enrollment agreement and was instead in the attached standard terms. Opp'n, 15. This is an unconvincing characterization, however, because the arbitration agreement despite being on the last page of the short four page agreement was bolded and could hardly be considered hidden or surprising.

Nonetheless, considering the totality of the circumstances, the Agreement was oppressive and therefore procedurally unconscionable. The type of oppression that constitutes procedural unconscionability "arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1260 (9th Cir. 2017). Oppression can be established when there is a contract of adhesion or by showing that under the totality of the circumstances it was oppressive. Id. However, an adhesive contract is not per se unconscionable in California. Id. Here, the contract was a contract of adhesion because it was a contract drafted by a party of superior bargaining strength which provided the students only with the opportunity to reject or adhere to it. See id. OTA is a global for-profit education provider while consumers were students. See Compl., ¶ 57(c). Additionally, evidence suggests that Plaintiffs did not have a meaningful opportunity to review the contract. See Jine Decl., ¶ 8; Biocini Decl., ¶ 10.

Plaintiffs contend that the arbitration provisions were also substantively unconscionable because the provisions are more favorable to Defendants than to Plaintiffs. Opp'n, 15-16. Specifically, they note that the agreements carved out that either party could "bring suit in court to enjoin infringement or other misuse of intellectual property rights." Longobardi Decl. Ex. 1-3 at p. 5. Plaintiffs argue that

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
|---|---|---|---|
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

| Title | Amy Jine et al v. OTA Franchise Corporation et al |
|---|---|
| | Fernando Avila, et al v OTA Franchise Corporation et al |
| | Ehab Khalil v OTA Franchise Corporation et al |

while this provision on its face appears to be mutual, since students do not provide OTA with intellectual property such a claim would only ever be brought by Defendants. Mot., 16-17. "An agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party." Fitz v. NCR Corp., 118 Cal. App. 4th 702, 724, 13 Cal. Rptr. 3d 88, 104 (2004). Indeed, "[m]utuality is the 'paramount' consideration when assessing substantive unconscionability." Elite Logistics Corp. v. Hanjin Shipping Co., 589 F. App'x 817, 819 (9th Cir. 2014). Mutuality is not present, however, where the stronger party reserves redress for itself while the weaker party is subjected to only the arbitral forum. See Nagrampa, 469 F.3d at 1285.

However, an arbitration clause is not required to "mandate the arbitration of all claims" between the parties to "avoid invalidation on grounds of unconscionability." Armendariz, 24 Cal. 4th at 120. Instead, an arbitration clause is unconscionable where "it requires one contracting party, but not the other, to arbitrate all claims arising *out of the same* transaction or occurrence or series of transactions or occurrences." Id. (emphasis added). Here, both parties would be required to arbitrate the claims related to the agreements. The only reserved right is for both parties to have judicial review for claims arising from infringement or other misuse of intellectual property rights. While these claims are more likely to be brought by Defendants, they would not arise out of the same transaction as the claims arising out of the agreement. The arbitration provisions here do not reserve for one party the judicial review on claims arising out of the same transaction while the other party is subject to arbitration for such claims like the provisions invalidated in Armendariz, Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1285 (9th Cir. 2006), and Fitz v. NCR Corp., 118 Cal. App. 4th 702, 724-25 (2004).

While Plaintiffs argue that the agreements are also one-sided because it limits their right to bring a class action, the Supreme Court in AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011), held that the FAA preempts California law

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | Date | 9/11/20 |

| | |
|---|---|
| Title | Amy Jine et al v. OTA Franchise Corporation et al<br>Fernando Avila, et al v OTA Franchise Corporation et al<br>Ehab Khalil v OTA Franchise Corporation et al |

finding an agreement unconscionable because it disallows class-wide proceedings. Plaintiffs also argue that the arbitration is one-sided because the agreement only specifies the student's process for initiating arbitration and that the agreements are ambiguous about whether the attorneys fees provision applies only to OTA or students. Mot., 17-18. The Court disagrees that the ambiguity in the fees provision favors Defendants. It states: "We will not seek attorneys' fees and costs in arbitration unless the arbitrator determines the claims are frivolous." In this case "we" could refer to just OTA or to OTA and the student signors. In any event, it would not benefit OTA because OTA definitively is bound by the statement. As to the process for initiating arbitration which merely outlines the way in which the student could begin arbitration (by either sending a letter to the American Arbitration Association, visiting their offices, or filing an online claim), because the provision makes clear that the arbitration would be administered by the American Arbitration Association in accordance with Consumer Arbitration Rules, the initiation process would likewise apply to Defendants.

Plaintiffs further contend that the "Good Faith Negotiation" section of the agreement is highly prejudicial to students because it allows OTA to defer arbitration by not specifying a negotiated solution within 60 days thereby giving them a preview into the plaintiffs case. Mot., 18-19. The Court disagrees that this provision gives Defendants a "free peak" or preview of plaintiff's case. The term referred to by Plaintiff merely states that the parties will attempt to settle the disagreement by consulting and negotiating with each other and if within 60 days an agreement is not reached, the parties will arbitrate the claims. See Longobardi Decl. Ex. 1-3 at p. 5.

Accordingly, while the Agreement is procedurally unconscionable, it is not substantively unconscionable and therefore does not meet the threshold for a finding of unconscionability pursuant to California law.

4. <u>The Arbitration Provisions Were Not Signed Under Economic</u>

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00769JVS(KESx)                     Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title       Amy Jine et al v. OTA Franchise Corporation et al
            Fernando Avila, et al v OTA Franchise Corporation et al
            Ehab Khalil v OTA Franchise Corporation et al

<u>Duress</u>

Plaintiffs also argue that the students signed the terms under economic
duress and were coerced into signing it because they were economically vulnerable
students.  Mot., 20.  "The elements of economic duress are: (1) a sufficiently
coercive wrongful act on the part of the defendant; (2) no reasonable alternative on
the part of the plaintiff; (3) knowledge of the plaintiff's economic vulnerability;
and (4) actual inducement to contract."  <u>Itkoff</u> v. <u>ABC</u> <u>Phones</u> of <u>N.</u> <u>Carolina, Inc.</u>,
No. 817CV02043JLSJDE, 2018 WL 6242158, at *6 (C.D. Cal. Oct. 11, 2018)
(internal citation and quotations omitted).  Here, like in <u>Itkoff</u> Plaintiffs fail to
satisfy the elements of economic duress.  Specifically, Plaintiffs fail to show that
they had no reasonable alternative.  Plaintiffs allege that OTA knew that they had
no reasonable alternative but to purchase OTA's products because OTA knew of
their assets and financial situation, and that OTA devised a strategy to pressure
them into signing up before the end of the MTO so that students "did not have time
to think about the agreement."  Opp'n, 20-21.  However, the fact is that Plaintiffs
could have walked away.  There are no alleged threats to students for failing to
sign up for additional courses other than potentially losing a discount, and students
could have walked away under these circumstances rather than purchase another
course.

5.    <u>OTA</u> <u>Did</u> <u>Not</u> <u>Exercise</u> <u>Undue</u> <u>Influence</u> <u>on</u> <u>Students</u>

Plaintiffs next argue that OTA exercised undue influence on the students to
sign the standard terms containing the arbitration agreement.  Opp'n, 21-22.
Undue influence refers to "persuasion which tends to be coercive in nature,
persuasion which overcomes the will without convincing the judgment."  <u>Rothberg</u>
v. <u>Walt</u> <u>Disney</u> <u>Co.</u>, 168 F.3d 501 (9th Cir. 1999) (citing to <u>Odorizzi</u> v. <u>Bloomfield</u>
<u>Sch.</u> <u>Dist.</u>, 246 Cal.App.2d 123, 130 (1966)).  The elements of undue influence are
"(1) undue susceptibility on the part of the weaker party and (2) the application of
excessive pressure by the stronger party."  <u>Rothberg</u>, 168 F.3d at 501.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx)<br>SACV 20-00960JVS(KESx)<br>SACV 20-01152JVS(KESx) | | Date | 9/11/20 |

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

Excessive pressure usually "involves several of the following elements: (1) discussion of the transaction at an unusual or inappropriate time, (2) consummation of the transaction in an unusual place, (3) insistent demand that the business be finished at once, (4) extreme emphasis on untoward consequences of delay, (5) the use of multiple persuaders by the dominant side against a single servient party, (6) absence of third-party advisers to the servient party, (7) statements that there is no time to consult financial advisers or attorneys. If a number of these elements are simultaneously present, the persuasion may be characterized as excessive." Odorizzi, 246 Cal. App. 2d at 133.

Plaintiffs argue that many of these factors were present here because OTA insisted students enroll before the MTO orientation presentation concluded, informed consumers that a discount that would expire when the MTO ended, offered special discounts to students who hesitated, used multiple persuaders (instructors and counselors), and discouraged students from seeking advice from third parties. Opp'n, 21-22 (citing Compl., ¶¶ 44-48, 95; Jine Decl. ¶ 10; Biocini Decl. ¶ 12). Thus, there is evidence that OTA exerted excessive pressure. However, Plaintiffs have not established that they were unduly susceptible. Certainly not to the level of the plaintiff in Odorizzi who declared he was "under severe mental and emotional strain at the time because he had just completed the process of arrest, questioning, booking, and release on bail and had been without sleep for forty hours." Odorizzi, 246 Cal. App. 2d at 131.

### 6.    The Agreements Do Not Violate Public Policy

Finally, Plaintiffs argue that the agreement violates public policy by violating the rule in McGill v. Citibank, N.A., 2 Cal. 5th 945, 959 (2017). Opp'n, 22-23  In McGill, the California Supreme Court held that a private plaintiff who otherwise has standing can file a lawsuit on his own behalf that "seeks, as one of the requested remedies, injunctive relief 'the primary purpose and effect of' which is 'to prohibit and enjoin conduct that is injurious to the general public.'" Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

Title    Amy Jine et al v. OTA Franchise Corporation et al
Fernando Avila, et al v OTA Franchise Corporation et al
Ehab Khalil v OTA Franchise Corporation et al

Following McGill, the Ninth Circuit has recognized that any contract provision (including arbitration agreements) that purports to waive a plaintiff's right to seek a public injunction under the UCL and CLRA is unenforceable. Blair v. Rent-A-Center, Inc., 928 F.3d 819, 822 (9th Cir. 2019). Thus, if a public injunction is not available through arbitration, the agreement is unenforceable. Blair, 928 F.3d at 822.

However, the agreements here clearly authorize the arbitrator to award injunctive relief. Longobardi Decl. Ex. 1-3 at p. 5 ("[A]n arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages) . . . "). While Plaintiffs argue that by waiving their right to bring a class action the agreements waive their right to public relief, as explained before, the Supreme Court has found in AT&T, 563 U.S. 333 (2011), that the FAA preempts California law finding an agreement unconscionable because it disallows class-wide proceedings. Nonetheless, public injunctive relief remains available here under the clear language of the arbitration provision as stated above. Therefore, Plaintiffs' argument fails.

       7.   The Individual Defendants Can Benefit from Arbitration as To
            The Claims that Have Been Brought Against Them Individually

Defendants argue that although the Individual Defendants are not parties to the arbitration agreement, as agents they are still entitled to the benefit of arbitration. MTA, 5. Indeed, when individual defendants act as agents to an entity they are entitled to benefit from the arbitration provisions even though they are not signatories. Dryer v. Los Angeles Rams, 40 Cal. 3d 406, 418 (1985); Berman v. Dean Witter & Co., Inc., 44 Cal.App.3d 999, 1004 (1975). Plaintiffs argue that courts have only applied arbitration agreements to non-signatories where "the wrongful conduct at issue arose from or was directly connected to the contract containing the arbitration agreement." Opp'n, 24. They argue that their claims against the Individual Defendants are based on their fraudulent and deceptive

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    SACV 20-00769JVS(KESx)                     Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title    Amy Jine et al v. OTA Franchise Corporation et al
         Fernando Avila, et al v OTA Franchise Corporation et al
         Ehab Khalil v OTA Franchise Corporation et al

marketing and sales practices, which fall outside of the arbitration provisions because they do not pertain to the "use" of the "Community." Id. However, as explained in detail above, the arbitration provisions were broad relating to "any dispute, claim question or disagreement arising from this Agreement and your use of all or any part of the Community" and "relating in any way to your use of all or any part of the Community." Longobardi Decl. Ex. 1-3. Plaintiffs' claims, pertain to allegations that Defendants made misrepresentations concerning the benefits that they would receive if they signed up for the OTA courses and Community and therefore clearly relate to the use of the Community and the enrollment agreements. Accordingly, the Court finds that the Individual Plaintiffs are entitled to benefit from the arbitration agreement because the claims pertain to their conduct as agents of the OTA.

* * * * *

In sum, the Court finds that there are valid and enforceable arbitration provisions between the parties that encompass plaintiffs claims and that no other contractual defense applies that would preclude compelling arbitration.

Accordingly, the Motion to Compel Arbitration is **GRANTED**.

### D.    Motion to Consolidate

Plaintiffs ask the Court to consolidate the current action with the Khalil and Avila Actions on the grounds that they concern common questions of fact and law. See generally, MTC. Plaintiffs argue that each of the actions concern common questions of fact because Plaintiffs in the three actions are former or current students
who allege that they were deceived by OTA's misrepresentations and as a result paid OTA money to enroll in their courses. Id. at 3. Plaintiffs argue that the actions also involve common questions of law because all of the plaintiffs are

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-00769JVS(KESx)                 Date    9/11/20
            SACV 20-00960JVS(KESx)
            SACV 20-01152JVS(KESx)

Title       Amy Jine et al v. OTA Franchise Corporation et al
            Fernando Avila, et al v OTA Franchise Corporation et al
            Ehab Khalil v OTA Franchise Corporation et al

seeking injunctive relief and restitution for OTA's conduct and have substantially sought relief for the same causes of action. Id. at 4. Thus, Plaintiffs contend that consolidation will avoid unnecessary cost and delay. Id. at 4-5.

Defendants oppose the motion on the grounds that it is "premature and wasteful" as a result of the motion to compel arbitration, that consolidation of the actions will only cause confusion, and that the proposed order exceeds the scope of a proper consolidation order because it would provide for an automatic consolidation to any other future related case. Opp'n, 3. The Court agrees with Plaintiffs that consolidation here under 42(a) would avoid unnecessary cost and delay. The three actions arise out of fundamentally common questions of law and fact and failure to consolidate would simply result in repetitive motions and hearings. That the claims in each case may go to arbitration, thus staying the actions, is of no moment. It certainly is not confusing.

Accordingly, the Court **GRANTS** the motion and consolidates the three actions. Case numbers SACV 20-01152JVS(KESx) and SACV 20-00960JVS(KESx) are consolidated into the lead case SACV 20-00769JVS(KESx). All documents shall be filed in the lead case going forward and the case number is SACV 20-00769JVS(KESx) consolidated with SACV 20-01152JVS(KESx) and SACV 20-00960JVS(KESx). The Court orders the clerk to place all attorneys and parties on the docket in the lead case.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss, **DENIES** both motions to intervene, **GRANTS** the motion to compel arbitration, and **GRANTS** the motion to consolidate.

### IT IS SO ORDERED.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-00769JVS(KESx) | Date | 9/11/20 |
|---|---|---|---|
| | SACV 20-00960JVS(KESx) | | |
| | SACV 20-01152JVS(KESx) | | |

Title   Amy Jine et al v. OTA Franchise Corporation et al
Fernando Avila, et al v OTA Franchise Corporation et al
Ehab Khalil v OTA Franchise Corporation et al

:   0

Initials of Preparer   lmb